IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

FILED
JAN 10 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

| | |
|---|---|
| FRANKLIN CORBIN EASTMAN,<br><br>Plaintiff,<br><br>vs.<br><br>ROSS SWANSON, et al.,<br><br>Defendants. | Cause No. CV 11-00073-H-DWM-RKS<br><br>ORDER |

Pending is Plaintiff Franklin Eastman's "Motion for Issuance of a Preliminary Injunction and/or Temporary Restraining Order with Consideration to Make Same Permanent." Mr. Eastman contends his legal mail is being opened and read by the Montana State Prison mailroom. The motion seeks an order appointing a federal investigator/overseer to make a determination regarding what legal mail of Plaintiff Eastman is either missing, lost or "being held hostage."

Mr. Eastman's Complaint, filed December 12, 2011, raises allegations of discrimination, harassment, and deliberate indifference on the basis of Mr. Eastman's transgender status. The Complaint raises no allegations regarding the receipt of mail in the prison and no allegations in the motion address the claims

raised in the Complaint.[1]

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Texas v. Camenisch, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). A party seeking a temporary injunctive relief must either establish a likelihood of success on the merits, a likelihood of irreparable injury if injunctive relief is not granted, a balance of hardships favoring the movant, and an advancement of the public interest, see Winter v. Natural Res. Def. Council, 555 U.S. 7, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) (internal citations omitted), or demonstrate that "serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (quoting Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir.2008)).

Preliminary injunctive relief is meant to maintain the status quo of the action before a decision on the merits. Camenisch, 451 U.S. at 395. Mr.

---

[1] Mr. Eastman has attached an envelope from the Clerk of Court's Office as an Exhibit to his motion as evidence that the prison is opening legal mail from this Court. Presumably, this envelope contained the Notice of Case Opening sent to Mr. Eastman on December 12, 2011. (Dkt. 3). This document is a matter of public record and is available on the internet. Moreover, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Eastman's claims are entirely new and contained nowhere in the Complaint. The unrelated allegations do not affect the status quo of the claims in his Complaint. Mr. Eastman will not be permitted to bootstrap new allegations into this case by way of a motion for a preliminary injunction.

Based on the foregoing, the Court issues the following:

## ORDER

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 4) is **DENIED**.

Dated this 10 day of January, 2012.

Donald W. Molloy, District Judge
United States District Court