IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

FILED
APR 18 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

| | |
|---|---|
| FRANKLIN CORBIN EASTMAN,<br><br>Plaintiff,<br><br>vs.<br><br>ROSS SWANSON, et al.,<br><br>Defendants. | Cause No. CV 11-00073-H-DWM-RKS<br><br><br>ORDER |

Plaintiff Franklin Eastman filed a declaration and a proposed order "to show cause for a preliminary injunction and a temporary restraining order." (Dkt. 10). These documents have been construed as a motion for a preliminary injunction and a temporary restraining order and as such will be denied.

Mr. Eastman's Complaint, filed December 12, 2011, raises allegations of discrimination, harassment, and deliberate indifference on the basis of Mr. Eastman's transgender status. It appears from the proposed order that Mr. Eastman is seeking a preliminary injunction and restraining order prohibiting Defendants and all other persons acting in concert with and in participation with them from threatening, harassing, punishing, intimidating and retaliating against him. (Dkt. 10-1, pp. 3).

Mr. Eastman has not complied with the notice provisions of Rule 65 of the Federal Rules of Civil Procedure. A preliminary injunction may only be issued on notice to the adverse party. Fed.R.Civ.P. 65(a)(1). A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (plaintiff himself in this case, as he proceeds pro se) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed.R.Civ.P. 65(b). Mr. Eastman has not satisfied either requirement.

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A party seeking a preliminary injunction must either establish a likelihood of success on the merits, a likelihood of irreparable injury if injunctive relief is not granted, a balance of hardships favoring the movant, and an advancement of the public interest, Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008) (internal citations omitted), or demonstrate that "serious questions going to the merits were raised and the balance of hardships

tips sharply in the plaintiff's favor." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (quoting Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008)).

> In addition, the Prison Litigation Reform Act requires that,
>
> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . .

18 U.S.C. § 3626(a)(2).

Mr. Eastman makes conclusory statements that he will suffer irreparable injury and is likely to succeed at trial. But factually he only provides a list of actions by prison officials which he contends are illegal/unconstitutional acts or practices including: (1) an allegation his legal paperwork was seized from another inmate whom Mr. Eastman was having find an envelope for him and the other inmate was disciplined; (2) an allegation that he was advised by prison staff that he is being monitored; (3) a complaint that his mail was misdirected to the infirmary; (4) an allegation that he missed a mental health appointment when he was improperly sent to another unit; (5) a complaint that his room has been "shook

down" six times since February 25, 2012; and (6) an allegation that when he requests "OSR kites" Sgt. Miller refers to them as "rat kites." In addition, Mr. Eastman complains about two disciplinary acts taken against him—one for not having his hair up in a hair tie and the second one for going to his case manager's office without being called.

Most of the incidents alleged seem to involve disciplinary issues within the prison. None seem to be causing Mr. Eastman irreparable injury. The Court will not interfere, at this early stage of the ligation, with the everyday interworkings at the prison. This case is still in the prescreening stage and as such Mr. Eastman has not yet made a sufficient showing that he is likely to succeed on the merits of his claims.

Accordingly, Mr. Eastman's Declaration and proposed Order (Dkt. 10) to the extent they can be construed as a Motion for a Temporary Restraining Order and Preliminary Injunction are **DENIED**.

Dated this 18st day of April, 2012.

_____
Donald W. Molloy, District Judge
United States District Court