# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| FRANKLIN CORBIN EASTMAN, | Cause No. CV 11-00073-H-DWM-RKS |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| ROSS SWANSON, et al., | |
| Defendants. | |

## I. SYNOPSIS

Pending is Plaintiff Franklin Eastman's Amended Complaint. C.D. 9.[1]

Liberally construed, the Amended Complaint raises claims against personnel at the

Montana State Prison consisting of interference with and the reading of legal mail,

denial of mental health care, harassment, being labeled as a snitch, and retaliation.

Mr. Eastman's claims regarding the opening of court mail, verbal harassment, and

sexual harassment fail to state a claim. They should be dismissed. Mr. Eastman's

legal mail claims, interference with obtaining mental health care, harassment

---

[1]The Amended Complaint supercedes the original complaint and the original pleading no longer serves a function in the case. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

1

against Defendant Gurstein, and being labeled a snitch will be served on Defendants Mazzone, Moyotte, Fetters, Miller, Gurstein, Deyott, and Pasha. All other Defendants should be dismissed.

## II. JURISDICTION

This action presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. The Court has personal jurisdiction over the named parties.

## III. STATEMENT OF CASE

### A. Parties

Mr. Eastman is a prisoner proceeding without counsel. He is incarcerated at Montana State Prison in Deer Lodge, Montana. The defendants named in the Amended Complaint are: Mike Mahoney, Ross Swanson, Myron Beeson, Ben Bouley, Carla Strutzel, Cody Sentell, Mike Mazzone, Sgt. Moyotte, Sgt. Fetters, Sgt. Miller, Sgt. Gurstein, Paul Lucier, Dr. Shaack, Denice Deyott, all mailroom staff, and Sgt. Pasha or Posha.[2] C.D. 9, pp. 3-5.

### B. Factual Allegations

1.  <u>Legal Mail Claim against Defendants Pasha, Deyott, Gurnstein, Mazzone, Moyotte, Fetters, Miller, and all mailroom staff</u>

---

[2]For purposes of this Order, the Court will refer to "Sgt. Pasha or Posha" as Defendant Pasha.

Mr. Eastman contends Defendants Pasha, Mazzone, Moyotte, Fetters, Miller, Gurstein, Deyott, and mailroom staff opened, read, and discussed his correspondence with his attorney. Specifically, he contends Sgt. Pasha read a letter he wrote to his attorney when he brought to the Sergeants' office to get it sealed. He also contends Defendant Pasha opened and read his legal mail on six to ten occasions. C.D. 9, pp.7-8, 16-17.

He alleges Defendant Deyott withheld and then sent back his legal mail from his attorney Clare Anderson along with a BIA check which he needed for legal supplies. C.D. 9, pp. 12-13.

Lastly, Mr. Eastman contends Defendant Gurnstein refused to allow him to mail a letter to his attorney on February 14, 2012. C.D. 9, p. 16.[3]

2. Denial of Mental Health Treatment against Defendant Fetters

Mr. Eastman alleges that after he attempted suicide Defendant Fetters threw away Mr. Eastman's requests to seek mental health treatment and instead threatened to lock Mr. Eastman up. C.D. 9, pp. 12, 21-22.

3. Harassment claims against Defendants Lucier, Gurstein, Swanson, Pasha, Mazzone, Moyotte, Fetters, Miller, Beeson, Bouley, and Strutzel

---

[3]Mr. Eastman also contends Correctional Officer Leaver refused to allow him to mail his legal mail but Officer Leaver has not been listed as a Defendant.

Mr. Eastman described a number of incidents construed as harassment claims. First, he alleges Defendants Lucier, Gurstein, and Swanson laughed at him and called him a faggot and other names. C.D. 9, p 14. Next, he claims Defendants Pasha, Mazzone, Moyotte, Fetters, Miller, and Gurstein subjected him to threats, emotional stress/duress, mental harassment, and torture when he asked them to stop reading his legal mail.

Next, Mr. Eastman alleges that while he was in temporary confinement, Defendant Gurstein and approximately five other officers started yelling at him saying, "let's see what all the mystery is about this 'fucking faggot.'" C.D. 9, p. 20. At that point, Defendant Gurstein ordered Mr. Eastman to strip naked. Mr. Eastman alleges he was "then paraded around in a pair of very revealing underwear in front of guards and other inmates." His requests for clothing were ignored. Two days later Mr. Eastman says he attempted suicide. C.D. 9, pp. 20-21.

Lastly, Mr. Eastman contends his application for pre-release, which contained personal information and had Defendant Strutzel's signature, was found in another inmate's trash. C.D. 9, pp. 24, 28. He alleges his pre-release application was given to other inmates and was passed around by Defendants Bouley and Strutzel. C.D. 9, p. 28. He states someone wrote "this person is transgender" and "drama" on the application. Mr. Eastman contends these words

were put on the application to cause the pre-release screening committee to not accept him into pre-release. He contends this is punishment without due process and a violation of his liberty interests. He claims it is sexual discrimination and racial discrimination because he is a transgender Native American, and it constitutes a hate crime. C.D. 9, p. 25. Mr. Eastman filed a grievance regarding this incident and asked to be put in protective custody. He was not put in protective custody and was given a minor write-up. He then was written up for excessive minor write-ups which resulted in eight days cell restriction. He appealed the major write-up and Defendant Beeson denied the appeal. C.D. 9, p. 27.

4. <u>Snitch claim against Defendant Miller</u>

On February 3, 2012, while Mr. Eastman was picking up forms, Defendant Miller allegedly asked him if he needed some "rat sheets." Mr. Eastman contends he was threatened, harassed, and intimidated by numerous inmates because Defendant Miller labeled him a "rat" in front of other inmates. C.D. 9, p. 16.

5. <u>Retaliation claim against Defendants Deyott, Miller, and Moyotte</u>

Mr. Eastman alleges that since the filing of this action, Defendant Deyott, the mailroom staff, and Sgt. Miller conspired to hinder, delay, deny, and impede his legal mail in retaliation for filing this legal action.

He contends Defendant Miller and other officers searched and messed up his room, and took or destroyed legal documents and other property on eight occasions. He alleges this was done because he was filing this court action against Defendant Miller and other defendants and because he filed grievances against him. C.D. 9, pp. 17-18. As a result, Mr. Eastman alleges he lost personal property and legal court papers, and was denied meaningful access to the courts. C.D. 9, p. 18.

On April 19, 2011, Mr. Eastman filed a grievance against Defendant Moyotte. Because of the filing of that grievance, Mr. Eastman contends he was placed in temporary hearing confinement/lock-up without being given a due process/pre-confinement hearing. Defendant Bouley denied his grievance about this incident. C.D. 9, pp. 19-20.

On August 3, 2011, Defendant Moyotte allegedly confronted Mr. Eastman demanding to know whether Mr. Eastman was going to sue him. Mr. Eastman said no and Defendant Moyotte said, "that's what I thought." Mr. Eastman contends Defendant Moyotte made it plain he would hurt him if he filed a lawsuit. C.D. 9, p. 22.

## IV.  SCREENING PER 28 U.S.C. §§ 1915(e)(2), 1915A

As Mr. Eastman is a prisoner proceeding in forma pauperis, this Court must

review his claims under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

## V. ANALYSIS

Mr. Eastman raises the following potential claims for relief: (1) interference/reading of legal mail, (2) denial of mental health care, (3) harassment, (4) being labeled as a "rat," and (5) retaliation.

### A. Legal Mail Claim against Defendants Pasha, Deyott, Gurnstein, Mazzone, Moyotte, Fetters, Miller, and all mailroom staff

Prison officials may inspect nonlegal mail for contraband without violating a prisoner's constitutional rights. Smith v. Boyd, 945 F.2d 1041, 1043 (9th Cir. 1991)(upholding inspection of incoming mail). In contrast, "legal mail may be opened in the presence of the addressee and . . . prison officials can require both that the letters be specially marked with the name and address of the attorney and that the attorney communicate first with prison officials." Sherman v. McDougall, 656 F.2d 527, 528 (9th Cir.1981) (citing Wolff v. MacDonald, 418 U.S. 539, 575–77 (1974)). "Legal mail" in the context of the First Amendment generally applies to correspondence between a prisoner and his attorney. Wolff, 418 U.S. 539, 575-76 (1974); Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996).

Mr. Eastman contends Defendants Pasha, Deyott, Gurnstein, Mazzone, Moyotte, Fetters, Miller, and all mailroom staff purposely opened and read his correspondence with his attorney on numerous occasions. As such, dismissal of the legal mail claims against these Defendants is not appropriate at this time and they will be required to make an appearance on this claim.

To the extent Mr. Eastman challenges the opening of his mail to and from a court, he has failed to state a claim for relief. As Mr. Eastman was advised in Judge Molloy's Order of January 10, 2012, documents mailed to and from the Court are matters of public record and are available on the internet. C.D. 5, p. 2, n. 1. "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan, 83 F.3d at 1094. As such, claims regarding mail to and from the Court being opened by prison officials should be dismissed.

**B. Denial of Mental Health Treatment against Defendant Fetters**

The constitutional standard of care applicable to a prisoner's serious medical needs applies to a prisoner's serious mental health needs as well. Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). To establish unconstitutional treatment of a mental health condition, Mr. Eastman must show deliberate indifference to a "serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) overruled on

other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)). Deliberate indifference under the Eighth Amendment involves the consideration of two elements: "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need." McGuckin, 974 F.2d at 1059; see also Lolli v. County of Orange, 351 F.3d 410, 419 (9th Cir. 2003). Where a prisoner's Eighth Amendment claim is one of inadequate medical care, including denial of mental health care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Deliberate indifference to a serious medical need, "may appear when prison officials deny, delay or intentionally interfere with medical treatment." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Mr. Eastman alleges that on April 21, 2011, he attempted suicide. He alleges he wrote requests for mental health care. He asserts that Defendant Fetters threw away his requests for mental health care. C.D. 9, pp. 12, 21-22. If Defendant Fetters interfered with Mr. Eastman's requests to obtain mental health treatment in the days after he attempted suicide, such interference could be found to be deliberate indifference to a serious mental health need. This claim will be served upon Defendant Fetters.

**C.      Harassment claims against Defendants Lucier, Gurstein,**

**Swanson, Pasha, Mazzone, Moyotte, Fetters, Miller, Beeson, Bouley, and Strutzel**

Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983.  Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997), overruled in part by Shakur v. Schriro, 514 F.3d 878, 884-885 (9th Cir. 2008); see, also Keenan, 83 F.3d at 1092 (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim).

Although prisoners have a right to be free from physical sexual abuse, whether at the hands of fellow inmates or prison guards, see Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000), the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment.  See e.g., Blueford v. Prunty, 108 F.3d 251, 254-55 (9th Cir. 1997) (holding that prison guard who engaged in "vulgar same-sex trash talk" with inmates was entitled to qualified immunity); Somers v. Thurman, 109 F.3d 614, 624 (9th Cir. 1997); Patrick v. Martin, 402 Fed.Appx. 284 (9th Cir. 2010).  Sexual harassment claims are only viable if the alleged harassment was sufficiently harmful, i.e., a departure from "the evolving standards of decency that mark the progress of a maturing society."  Hudson v.

McMillian, 503 U.S. 1, 6, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)) (internal

quotations and citation omitted).

Allegations of mere threats also are not cognizable under § 1983. See Gaut

v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute

constitutional wrong, nor do allegations that naked threat was for purpose of

denying access to courts compel contrary result).

Mr. Eastman's allegations that Defendants Lucier, Gurstein, and Swanson

laughed at him and called him names are insufficient to state a constitutional claim

and will be recommended for dismissal. Similarly, Mr. Eastman's claims that

Defendants Pasha, Mazzone, Moyotte, Fetters, Miller, and Gurstein subjected him

to threats, emotional stress/duress, mental harassment, and torture when he asked

them to stop reading his legal mail (C.D. 9, p. 11, lines 57-64) are conclusory and

will be recommended for dismissal. His contention that Defendant Moyotte

confronted him and demanded to know whether he was going to sue him is also

insufficient to state a claim.

Finally, Mr. Eastman's contention that Defendants Strutzel and Bouley

passed his application around to other inmates fails to state a harassment claim.

The constitutional right usually implicated by the disclosure of confidential

information to other prisoners is the Eighth Amendment's proscription on cruel

and unusual punishment. It has been interpreted to provide recourse when prison officials act with deliberate indifference to a known risk of harm to an inmate from other inmates. See Farmer v. Brennan, 511 U.S. 825(1994). Mr. Eastman does not allege he was harmed or put in danger in any way by the disclosure of the pre-release application. These allegations do not rise to the level of a constitutional violation.

Mr. Eastman also claims that Defendants Bouley and Beeson should be held liable for denying his grievances regarding the alleged harassment. In Mann v. Adams, the Ninth Circuit held that the due process clause creates "no legitimate claim of entitlement to a [prison] grievance procedure." Mann, 855 F.2d 639, 640 (9th Cir. 1988). Any claims regarding the denial of grievances should be dismissed.

However, Mr. Eastman also alleges Defendant Gurstein yelled at him saying, "let's see what all the mystery's about this "fucking faggot," ordered Mr. Eastman to strip naked, and paraded him around in revealing underwear in front of guards and other inmates. Mr. Eastman alleges he attempted suicide two days after this incident.

As set forth above, generally claims of verbal harassment do not violate the Eighth Amendment. Keenan, 83 F.3d at 1092 1083 citing Oltarzewski v.

Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  But the Keenan case stated that unusually gross comments or comments calculated to and causing psychological damage may be sufficient to state a claim.  Keenan, 83 F.3d at 1092.  These allegations against Defendant Gurstein are sufficient to state a claim and he must file a response to this claim.

### D.  Snitch claim against Defendant Miller

Mr. Eastman alleges that on February 3, 2012, while picking up forms, Defendant Miller asked Mr. Eastman if he needed some "rat sheets."  As a result, Mr. Eastman contends he was threatened, harassed, and intimidated by numerous inmates because he was labeled a rat and informant by Defendant Miller in front of other inmates.  C.D. 9, p. 16.

Allegations that prison officials called a prisoner a "snitch" in the presence of other inmates is  sufficient to state a claim of deliberate indifference to an inmate's safety.  See Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir. 1989).  This claim will be served on Defendant Miller.

### E.  Retaliation claim against Defendants Deyott, Miller, and Moyotte

To state a claim for First Amendment retaliation in the prison context, a plaintiff must allege five elements:  (1) a state actor took an adverse action against the plaintiff, (2) because of, (3) the plaintiff's protected conduct, (4) which chilled

the plaintiff's exercise of his First Amendment rights, and (5) did not reasonably advance a legitimate correctional goal. <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

Mr. Eastman has set forth several instances which he contends are retaliatory actions based upon his filing of grievances and this lawsuit. He contends Defendant Deyott, the mailroom staff, and Sgt. Miller conspired to hinder, delay, deny, and impede his legal mail in retaliation for filing this legal action.

Secondly, he contends that Defendant Miller and other officers have "shook down" and messed up his cell on eight different occasions for filing grievances and this lawsuit. C.D. 9, pp. 17-18. He alleges that as a result he has lost personal property and legal court papers, denying him meaningful access to the courts. C.D. 9, p. 18.

Third, he alleges that he filed a grievance on April 19, 2011 against Defendant Moyotte and as a result he was placed in temporary hearing confinement/lock-up without being given a due process/pre-confinement hearing.

Mr. Eastman's allegations are sufficient to state a claim of retaliation. It will be served on Defendants Deyott, Miller, and Moyotte.

To the extent Mr. Eastman seeks to raise a claim of denial of access to the courts apart from his retaliation claim, that proposed claim fails as a matter of law.

Prisons must provide "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996) (<u>citing Bounds v. Smith</u>, 430 U.S. 817, 825 (1977)).  To show a violation of this right to access to the courts, an inmate must demonstrate "actual injury," in the form of a "specific instance" in which he was denied access. <u>Sands v. Lewis</u>, 886 F .2d 1166, 1171 (9th Cir. 1989); <u>see also Lewis</u>, 518 U.S. at 349.  "The injury requirement is not satisfied by just any type of frustrated legal claim"; prisoners have a right to access to the courts only in relation to direct appeals from the convictions for which they were incarcerated, habeas petitions, or civil rights actions challenging the conditions of their confinement.  <u>Lewis</u>, 518 U.S. at 354-55.  Mr. Eastman alleges only that he was afraid to file this lawsuit so he has not suffered an actual injury.  He did file this lawsuit.  The access to the courts claim should be dismissed.

### F.  Named Defendants

Mr. Eastman named Mike Mahoney, Ross Swanson, Myron Beeson, Ben Bouley, Carla Strutzel, Cody Sentell, Mike Mazzone, Sgt. Moyotte, Sgt. Fetters, Sgt. Miller, Sgt. Gurstein, Paul Lucier, Dr. Shaack, Denice Deyott, all mailroom staff, and Sgt. Pasha or Posha as Defendants.  C.D. 9, pp. 3-5.  Mr. Eastman has made no allegations against Defendants Mike Mahoney, Cody Sentell, and Dr.

Shaack.  Mr. Eastman was told in the February 28, 2012 Order C.D. 7 that he must specify what each named defendant allegedly did to violate his federally protected rights.  Despite that warning, Mr. Eastman has not made any claims against Mike Mahoney, Cody Sentell, and Dr. Shaack in the amended complaint.  These Defendants should be dismissed.

The Court construes Mr. Eastman's claims against the entire mailroom staff at Montana State Prison as claims brought against John Does.  The use of Doe defendants is not favored in the Ninth Circuit.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citing to Wiltsie v. California Department of Corrections, 406 F.2d 515, 518 (9th Cir. 1968).  Where the identity of alleged defendants is not known and cannot be ascertained prior to the filing of the complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities, or that the complaint should be dismissed on other grounds.  Gillespie, 629 F.2d at 642.  The purported claims against the "mailroom staff" should be dismissed without prejudice with leave to amend after Mr. Eastman has an opportunity to conduct discovery regarding the identities of the specific individuals who work in the Montana State Prison mailroom who allegedly read his mail.  Any amended claims must be directed at specific individuals and must identify specific incidents

in which these individuals allegedly violated his constitutional rights.

## VI. CONCLUSION

The Court has considered whether Mr. Eastman's Amended Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. See 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. Eastman has a reasonable opportunity to prevail on the merits. See 42 U.S.C. § 1997e(g). Based on this analysis, Mr. Eastman's claim regarding the opening of court mail, verbal harassment, and sexual harassment will be recommended for dismissal. Defendants Mike Mahoney, Ross Swanson, Myron Beeson, Ben Bouley, Carla Strutzel, Cody Sentell, Paul Lucier, Dr. Shaack, and mailroom staff will also be recommended for dismissal.

Dismissal of the following claims is not appropriate at this time: (1) Mr. Eastman's legal mail claims (with his attorney) against Defendants Pasha, Mazzone, Moyotte, Fetters, Miller, Gurstein, and Deyott; (2) his mental health care claim against Defendant Fetters; (3) his harassment claim against Defendant Gurstein; (4) his being labeled a snitch claim against Defendant Miller; and (5) his retaliation claim against Defendants Moyotte, Miller, and Deyott. Defendants Pasha, Mazzone, Moyotte, Fetters, Miller, Gurstein, and Deyott must make an appearance in this matter. No conclusions about the truth of Mr. Eastman's

allegations or about the strength of his claims or of the evidence he might offer to corroborate them have been made. Mr. Eastman has said enough to require a response from Defendants.

It is **ORDERED**:

1. Pursuant to Fed.R.Civ.P. 4(d), Defendants Pasha, Mazzone, Moyotte, Fetters, Miller, Gurstein, and Deyott are requested to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days after the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).[4]

2. The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the Montana
Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

    \*     Plaintiff's Amended Complaint C.D. 9;

---

[4]As Defendants Mike Mahoney, Ross Swanson, Myron Beeson, Ben Bouley, Carla Strutzel, Cody Sentell, Paul Lucier, Dr. Shaack, and mailroom staff will be recommended for dismissal they do not need to respond at this time.

    \*      this Order;

    \*      a Notice of Lawsuit & Request to Waive Service of Summons; and

    \*      a Waiver of Service of Summons

Should counsel determine they do not represent Defendants in this matter, they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. <u>See</u> D. Mont. L.R. 12.2.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate

of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Mr. Eastman <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6. At all times during the pendency of this action, Mr. Eastman SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Eastman has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. Mr. Eastman's claims regarding the opening of court mail, verbal harassment, and sexual harassment be dismissed with prejudice.

2. Defendants Mike Mahoney, Ross Swanson, Myron Beeson, Ben Bouley, Carla Strutzel, Cody Sentell, Paul Lucier, Dr. Shaack, and mailroom staff be

dismissed.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Eastman may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Eastman files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Eastman from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which

objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 19th day of June, 2012.

 /s/ Keith Strong
Keith Strong
United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO: Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against Sgt. Pasha or Posha, Mike Mazzone, Sgt. Moyotte, Sgt. Fetters, Sgt. Miller, Sgt. Gurstein, and Denise Deyott. A copy the Amended Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-11-73-H-DWM-RKS. The Court has completed its pre-screening and concludes these Defendants must file a responsive pleading. See 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

If you comply with this request and file the waiver with the Court, no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

_/s/ Keith Strong_
Keith Strong
United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

  The following Defendants acknowledge receipt of your request that they waive service of summons in the following action: <u>Eastman v. Swanson, et al,</u> Civil Action No. CV-11-73-H-DWM-RKS filed in the United States District Court for the District of Montana.  Defendants also received a copy of the Amended Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____.

  The above-named Defendants retains all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named Defendant if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

  I decline to waive service on behalf of the following Defendants:

_____; _____;

_____; _____.

_____
DATE

_____
SIGNATURE

_____
PRINTED/TYPED NAME

_____

_____
ADDRESS