# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| FRANKLIN CORBIN EASTMAN,<br><br>Plaintiff,<br><br>vs.<br><br>ROSS SWANSON, et al.,<br><br>Defendants. | Cause No. CV 11-00073-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## SYNOPSIS

Defendants move for dismissal of this action for failure to exhaust administrative remedies. C.D. 26. Plaintiff Franklin Eastman filed a motion to dismiss without prejudice on December 27, 2012. C.D. 33. In light of Mr. Eastman's request, both motions should be granted and the matter dismissed without prejudice.

## JURISDICTION

Mr. Eastman filed this action in federal court. C.D. 2. The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint states a claim under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. §

1

1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Donald W. Molloy, United States District Court Judge, and referred to this Court in compliance with Local Rule 73.1(a)(1).

## STATUS

Liberally construed, Mr. Eastman's Amended Complaint raised claims against personnel at the Montana State Prison consisting of interference with and the reading of legal mail, denial of mental health care, harassment, being labeled as a snitch, and retaliation. By Order dated July 11, 2012, Mr. Eastman's claims regarding the opening of court mail, verbal harassment, and sexual harassment were dismissed for failure to state a claim. C.D. 14. Mr. Eastman's legal mail claims, interference with obtaining mental health care, harassment against Defendant Gurstein, and being labeled a snitch were served on Defendants Mazzone, Moyotte, Fetters, Miller, Gurstein, Deyott, and Pasha. C.D. 12. These Defendants waived service and filed a Motion to Dismiss for Failure to Exhaust Administrative Remedies. C.D. 26.

Mr. Eastman responded indicating he had witnesses and statements to support his claims but he provided no substantive response to Defendants' motion. C.D. 31. Included in Mr. Eastman's response was a one sentence request "for time to enter new attorneys." C.D. 31. The Court denied Mr. Eastman's request for

2

additional time to locate an attorney but granted him until December 28, 2012 to file a response to the Motion to Dismiss. C.D. 32.

On December 27, 2012, Mr. Eastman filed a motion to dismiss without prejudice. C.D. 33. Defendants do not object. C.D. 34.

## STANDARDS

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). The motion must be granted if the prisoner has in fact failed to exhaust administrative remedies. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). A complaint must be dismissed if a prisoner concedes non-exhaustion and no exception to exhaustion applies. Id.

## ANALYSIS

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Mr. Eastman's motion is construed as a concession that he did not exhaust the available administrative remedies. C.D. 27. The Ninth Circuit holds that when

a prisoner has not exhausted nonjudicial remedies the court must dismiss the claim without prejudice. Wyatt, 315 F.3d at 1120.

It is **RECOMMENDED:**

Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies (C.D. 26) and Mr. Eastman's Motion to Dismiss (C.D. 33) should be GRANTED and this matter dismissed without prejudice.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any objections must itemize each factual finding to which objection is made and must identify the evidence in the record relied upon to contradict that finding. In addition, the objections must itemize each recommendation to which objection is made and must set forth the authority relied upon to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings

and Recommendations may preclude the parties from relying on that fact or argument at a later stage of the proceeding. A district judge will review those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 10th day of January, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge